ROTHENBERG, J.
 

 The Estate of Josefina Madrigal appeals from an order revoking probate of the Last Will and Testament of Josefina Madrigal, based on the trial court’s conclusion that it was procured by the undue influence of the sole beneficiary. We affirm.
 

 A presumption of undue influence arises “if a substantial beneficiary under a will occupies a confidential relationship with the testator and is active in
 
 *829
 
 procuring the contested will.”
 
 In re Estate of Carpenter,
 
 253 So.2d 697, 701 (Fla.1971). As this Court explained in
 
 Diaz v. Ashworth,
 
 963 So.2d 731, 735 (Fla. 3d DCA 2007):
 

 [Wjhere the proponent of a will satisfies,
 
 prima facie,
 
 the will is facially proper, and the contestant thereafter satisfies,
 
 prima facie,
 
 a presumption of undue influence in the making of the will, the
 
 proponent of the will
 
 has the burden of proving the will was not the product of undue influence. That burden must be met by a preponderance of the evidence as determined by the trier of fact.
 

 In the instant case, following an evidentiary hearing, the trial court entered an order making specific findings of facts and concluding that the sole beneficiary procured the testator’s last will and testament by undue influence. As the trial court’s findings of fact are supported by competent, substantial evidence, and the findings of fact support the trial court’s conclusion of undue influence, we affirm the order under review.
 
 See Estate of Brock,
 
 692 So.2d 907, 913 (Fla. 1st DCA 1996) (“[OJur scope of review requires us to accept the factual findings of the trial court so long as there is support for them by competent substantial evidence. It is axiomatic that the trial court’s resolution of conflicting evidence will not be disturbed by a reviewing court in the absence of a clear showing of error, or that the conclusions reached are erroneous.”).
 

 Affirmed.